

**Signed: March 24, 2008**

_____
**RANDALL J. NEWSOME**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re Shahab Eddin Fotouhi, ) | Case No. 05-44839 N |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| Phillips, Spallas & Angstadt, LLP, et al., ) | |
| ) | Adv. No. 05-4487 AN |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Shahab Eddin Fotouhi, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER ON MOTION FOR NEW TRIAL, TO ALTER OR AMEND JUDGMENT, TO AMEND OR MAKE ADDITIONAL FINDINGS OF FACT, AND RECUSAL**

This matter is before the Court upon the Debtor's *Motion for a New Trial or to Alter or Amend a Judgment* pursuant to Federal Rule of Civil Procedure 59(a) and (e), and/or to *Amend or Make Additional Factual Findings* pursuant to Federal Rule of Civil Procedure 52(b), and for recusal pursuant to 28 U.S.C. §455(a), (herein the "*Motion*," docket entry #192) as that statue and such Rules apply here pursuant to Federal Rules of Bankruptcy Procedure 9023, 7052 and 5004(a).[1]

On November 23, 2005, Phillips, Spallas & Angstadt (herein "Phillips") timely filed a complaint

---

[1] All references herein to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure are to the versions in effect prior to the December 1, 2007 amendment of such Rules.

to deny the Debtor a discharge, pleading a cause of action pursuant to §727(a)(4)(A) alleging that the Debtor knowingly and fraudulently made a false oath when he filed a Schedule B disclosing the value of his partnership interest in his present law firm as $0. (*Complaint*, docket entry #2).[2] As affirmative defenses, the Debtor's answer alleged **1)** a failure to state a claim upon which relief may be granted, and **2)** such further defenses the Debtor may assert at or prior to trial. (*Answer*, at 2, docket entry #7). Based upon an anticipated analysis by the Chapter 7 trustee concerning a valuation of the law firm, which the parties agreed "may be dispositive of the matter," the parties requested and were granted multiple continued status conferences. (*Recording of Jan. 18, 2006 Status Conference*, at 9:43:50 to 9:45:17; *Letter of July 18, 2006 Requesting Additional Continuance*, docket entry #14). After no progress was made in obtaining the Chapter 7 trustee's valuation analysis, at an August 30, 2006 status conference the Court scheduled a trial of this adversary proceeding for February 5, 2007. (*Recording of Aug. 30, 2006 Status Conference*, at 9:57:00 to 9:58:52).[3]

Thereafter, numerous discovery disputes arose concerning, *inter alia*, the Debtor's financial dealings and those of his law firm and partners, his partnership interest in his law firm, his income and "the nature and extent of [the Debtor's] personal assets," which Phillips asserted would show that the Debtor made "fraudulent, false oaths in his Chapter 7 papers." (*Opposition to Motion to Quash*, docket entry #23 at 1; *Motion to Compel*, docket entry #32 at 3; *see also*, docket entries #19-38, 41-50 and 53-55). At a January 24, 2007 hearing the Court adjudicated several discovery disputes, vacated the February 5 trial date, issued a scheduling order, and ordered that if Phillips intended to make additional assertions,

> part of your [Phillips'] allegations under 727(a)(4), or anything else, because at this point you ought to have enough to know what it is that you're going to go forward on in this complaint. You've got ten days to amend that complaint, and you've got another ten days, counsel for the Debtor, to respond to that – to answer that amended complaint.

(*Transcript of Jan. 24, 2007 Hearing*, docket entry #63 at 12).

---

[2] November 28, 2005 was the deadline to file a complaint objecting to the entry of a discharge in this bankruptcy case. *See, Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines* (docket entry #4, filed in 05-44839).

[3] All recordings and transcripts of hearings before the Court in this adversary proceeding are herein made part of the record in this adversary proceeding.

2

On February 2, 2007, Phillips filed a *First Amended Complaint*, asserting 16 additional claims for relief. (docket entry #61). In response, the Debtor filed an answer addressing each claim for relief and alleging the same two affirmative defenses as pled in his answer to the initial complaint. (*Answer to First Amended Complaint*, docket entry #66). About a month later, Phillips and the Debtor requested approval of a stipulation, which the Court granted, whereby they agreed that Phillips file "a Second Amended Complaint ... to allege new claims based on information learned through discovery" and that the Debtor would thereafter "have 10 days ... to file a response." (herein the *Stipulation to File Second Amended Complaint*, docket entry #83 at 2).

The *Second Amended Complaint* asserted 13 additional claims for relief. (docket entry #86). In response, the Debtor's answer again addressed each claim for relief, alleged the same two affirmative defenses as in his previous two answers, and added an affirmative defense that the Debtor relied upon the advice of legal counsel when valuing his law firm interest at $0. (docket entry #92 at 8-9). After the parties' unsuccessful attempt to settle this proceeding and the close of discovery, on June 20, 2007 the Court scheduled a trial for October 15 through 18, 2007.

At this same time, after the Debtor declined to stipulate to a third amendment to the complaint, Phillips filed a motion for leave to do so, which the Debtor opposed. (*Motion to Amend*, docket entry #111; *Opposition to Plaintiffs' Motion to Amend*, docket entry #118). At a hearing on July 2, 2007, the Court granted Phillips' motion, and shortly thereafter Phillips filed a *Third Amended Complaint*, alleging four additional claims for relief. (docket entry #123). As previously, the Debtor's answer to the *Third Amended Complaint* addressed each claim for relief and alleged the same three affirmative defenses as alleged in his answer to the *Second Amended Complaint*. (docket entry #124).

Thereafter, five days prior to the trial, the parties filed two stipulations which the Court granted, whereby they agreed to dismissal of 14 claims for relief, to Phillips filing a *Fourth Amended Complaint* to renumber the remaining claims, and to deem the Debtor's answer to the *Third Amended Complaint* to be his answer to that *Fourth Amended Complaint*. (herein the *Stipulation to File Fourth Amended Complaint*, docket entry #141 at 2; *see also*, docket entries #140, 143 and 147).

At the conclusion of the trial, the Court set deadlines to file post-trial briefs and motions and took

3

the matter under submission. (*Trial Transcript*, docket entries 160-163, at 793-795). The Debtor then filed a post-trial brief and a motion to amend his answer to the *Fourth Amended Complaint* to extend the advice of counsel defense to a claim alleging failure to list income on his Statement of Financial Affairs and Schedule I that he received from the Fredrickson, Mazeika & Grant law firm (herein "FMG"), and to assert a defense of laches to a claim regarding a revenue sharing agreement between the Debtor and FMG. (docket entries #157 and 159).

A few days later, the Debtor filed a post-trial motion for judgment on the pleadings wherein the Debtor sought to "augment his failure to state a claim" affirmative defense as pled in his answer to assert, for the first time in this litigation, that pursuant to Federal Rule of Bankruptcy Procedure 4004(a) certain claims for relief should be time barred. (docket entry #165 at 4).[4] The Court entered an order denying the Debtor's motion for judgment on the pleadings, finding that he had waived and forfeited the Rule 4004(a) timeliness defense, and thereafter denied his motion for reconsideration of that order. (docket entries #169, 170 and 173).[5] On December 18, 2007, the Court entered its *Findings of Fact, Opinion and Conclusions of Law*, and a separate *Judgment*, denying entry of a discharge in this bankruptcy case. (docket entries 187 and 188). Thereafter, the Debtor timely filed the instant *Motion*.

**Manifest Error of Law, Due Process, Waiver and Forfeiture**

Pursuant to Rule 59(a)(2), in an action tried without a jury, to prevail on a motion for a new trial

---

[4] Rule 4004(a) provides that a complaint objecting to a debtor's discharge under §727(a) of the Bankruptcy Code be filed no later than 60 days after the first date set for the meeting of creditors. Rule 4004(b) provides that on a motion filed before the Rule 4004(a) filing deadline expires, the court may for cause extend the filing deadline. Rule 9006(b)(3) provides that enlargement of the time for taking action under Rule 4004(a) is governed only by Rule 4004(b). Rule 4004(a), however, would not bar a claim or defense asserted in an amended pleading that relates back to the prior pleading. For a claim to be time barred pursuant to Rule 4004(a), it must also be shown that it does not relate back. *See*, Fed. R. Civ. P. 15(c), as incorporated here pursuant to Fed. R. Bankr. P. 7015. The Debtor raised the relation back issue for the first time in this litigation when he raised the Rule 4004(a) defense in his post-trial motion for judgment the pleadings. (*See*, docket entry #165 at 1, 6). As the Court found the Debtor waived and forfeited the Rule 4004(a) defense, the issue of relation back was not considered on the motion for judgment the pleadings as being moot, and similarly is not considered here.

[5] The Federal Rules of Civil Procedure "do not recognize a motion for reconsideration." *Captain Blythers, Inc. v. Thompson* (*In re Captain Blythers, Inc.*), 311 B.R. 530, 539 (9th Cir. BAP 2004); *In re Walker*, 332 B.R. 820, 826 (Bankr. D. Nev. 2005). Instead, the Rules allow for motions for post-judgment relief to alter or amend a judgment, Fed. R. Civ. P. 59(e), for relief from judgment, Fed. R. Civ. P. 60, and in cases in which the court makes findings of fact or conclusions of law, a motion to amend or make additional findings pursuant to Fed. R. Civ. P. 52(b). The Debtor's two page "motion for reconsideration" did not assert any such Rule as a basis for obtaining relief.

4

the moving party must demonstrate **1)** a manifest error of fact, **2)** a manifest error of law, or **3)** newly discovered evidence. *Janas v. Marco Crane & Rigging Co. (In re JWJ Contracting Co., Inc.),* 287 B.R. 501, 514 (9th Cir. BAP 2002), *aff'd,* 371 F.3d 1079 (9th Cir. 2004).

Similarly, pursuant to Rule 59(e), a motion to alter or amend a judgment is appropriate if the court **1)** is presented with newly discovered evidence, **2)** committed clear error or the initial decision was manifestly unjust, or **3)** there is an intervening change in controlling law. *Circuit City Stores, Inc. v. Mantor,* 417 F.3d 1060, 1064 n.1 (9th Cir. 2005). Rule 52(b) applies to correct manifest errors of law or fact, or in limited circumstances, to present newly discovered evidence, but may not be asserted to re-litigate old issues, advance new theories, or to secure a rehearing on the merits. *In re Tyrone F. Conner Corp. Inc.,* 140 B.R. 771, 784 (Bankr. E.D. Cal. 1992); *In re St. Marie Development Corp. of Montana Inc.*, 334 B.R. 663, 675 n.3 (Bankr. D. Mont. 2005)*; Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D. N.J. 2003).

The Debtor asserts that the Court made an error of law and denied the Debtor due process at the January 24, 2007 hearing by allowing Phillips time to file an amended complaint. The Debtor also asserts that thereafter the Court made an error of law by finding that the Debtor had waived and forfeited the Rule 4004(a) time bar defense he asserted for the first time in the post-trial motion for judgment on the pleadings. (*Memo. of Points and Authorities,* attached to *Motion*). The Debtor's assertions are not well founded.[6]

*The January 24 Hearing; Due Process*

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Rule 15 is not, however, "itself a constitutional requirement," as due process and "the propriety of allowing a pleading alteration depends not only on the state of affairs prior to amendment but also on what happens afterwards." *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466, 467 (2000). In the context of amending a pleading, due process is satisfied if the amended pleading is

---

[6] The *Motion* asserts that this Court apply other standards to assess error, variously referred to as the "Fundamental Error Doctrine," the "Fundamental (or Plain) Error Doctrine," "Reversible Plain Error," and "Reversible Error," asserting that "a reviewing court may correct" trial court error, and that "a reviewing court may consider the matter." (*Motion*, at 2-4). To the extent that such standards are the province of an appellate court, the Court declines to consider them here.

5

filed and served upon an adverse party, and if that adverse party is thereafter allowed an opportunity to be heard in response to the amended pleading. *Nelson*, 529 U.S. at 466-467 (10 days to respond to amended pleading comports with due process).[7]

Here, by January 2007 this adversary proceeding had been pending in near stasis for more than a year as the parties awaited the Chapter 7 trustee's valuation report of the Debtor's interest in his law firm. Additionally, more than a dozen discovery disputes were pending and being contentiously litigated between the parties. Furthermore, at the January 24 hearing, the Chapter 7 trustee's counsel attended and informed the Court for the first time that he and the trustee "never promised that we would give it [the trustee's valuation report] to these parties in this litigation," thereby rendering the previous 12 months waiting for the report an unnecessary delay of this adversary proceeding. (*Transcript of Jan. 24 2007 Hearing*, at 6).

With the parties now having to obtain other valuations of the law firm, and the pending discovery yet to be completed, the approaching February 5 trial was necessarily continued. To forestall further delay, the Court ordered that ***if*** Phillips intended to amend its complaint, it had 10 days to do so, and thereafter the Debtor had 10 days "to respond to that – to answer that amended complaint." (*Id*. at 12). The Debtor was then timely served with the *First Amended Complaint*, and 10 days thereafter timely filed his answer in response. (docket entries #62 and 66). Accordingly, the Court does not find that allowing Phillips to amend its complaint, and allowing the Debtor 10 days to respond, to have deprived the Debtor of due process or to comprise an error of law.[8]

---

[7] Allowing a party leave to amend, absent a motion requesting the same, does not contravene due process. *See*, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (except when complaint may not be cured by an amendment, on dismissal pursuant to Rule 12(b)(6) the court should grant leave to amend even if no request to amend the pleading was made); *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service*, 911 F.2d 242, 247 (9th Cir.1990) (on dismissal pursuant to Rule 12(b)(6), of no consequence that party did not file a formal motion requesting leave to amend, accompanied by a proposed amended pleading).

[8] The Debtor's understanding, asserted here, that the Court's January 24 order limited his response to the *First Amended Complaint* to an answer is not well taken. Even if the Debtor thought he was confined to filing an answer, that did not prevent him from timely asserting Rule 4004(a) as an affirmative defense in his answer. *See, Santos v. Schunck (In re Santos)*, 112 B.R. 1001, 1008 (9th Cir. BAP 1990) (affirmative defense must be raised in answer ***or*** responsive pleading). Additionally, thereafter the *Stipulation to File Second Amended Complaint* provided the Debtor "10 days ... to file a

(continued...)

Case: 05-04487    Doc# 198    Filed: 03/24/08    Entered: 03/24/08 15:39:46    Page 6 of 16

*Waiver*

Waiver is the intentional relinquishment or abandonment of a known right. *Kontrick v. Ryan*, 540 U.S. 443, 458 n.13 (2004). The Federal Rules of Civil Procedure determine the manner and time in which an affirmative defense may be raised, and when waiver of such occurs. *Perry v. O'Donnell*, 749 F.2d 1346, 1353 (9th Cir. 1984). Federal Rule of Civil Procedure 8(c), applicable herein pursuant to Federal Rule of Bankruptcy Procedure 7008(a), provides that an affirmative defense be set forth in the initial response to a previous pleading. *See*, *Morrison v. Mahoney*, 399 F.3d 1042, 1046-1047 (9th Cir. 2005) (affirmative defense must be raised in first responsive pleading). The purpose of Rule 8(c) is to provide an opposing party with notice of an affirmative defense that may be raised at trial so that such party is prepared to properly litigate it. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 350 (1971); *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988); *Fryer v. Easy Money Title Pawn, Inc. (In re Fryer)*, 172 B.R. 1020, 1022 (Bankr. S.D. Georgia 1994).

The timeliness of a complaint pursuant to Rule 4004(a) is "an affirmative defense that must be raised in an answer or responsive pleading. If the defense is not raised in the answer or responsive pleading, it is generally waived." *Santos v. Schunck (In re Santos)*, 112 B.R. 1001, 1008 (9th Cir. BAP 1990) (citations omitted); *Morrison*, 399 F.3d at 1046-1047; *O'Donnell,* 749 F.2d at 1353*; Kontrick*, 540 U.S. at 459-460 ("Ordinarily, under the Bankruptcy Rules as under the Civil Rules, a defense is lost if it is not included in the answer or amended answer."); *see also*, *Day v. McDonough*, 547 U.S. 198, 202 (2006) ("Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto."), *citing* Fed. R. Civ. P. 8(c), 12(b) and 15(a).

Here, the Debtor's answer to the *First Amended Complaint* asserted the identical affirmative defenses pled in his initial answer, neither of which stated that any claim was time barred pursuant to

---

[8](...continued)
response," but he then filed nothing other than an answer. (*Stipulation*, docket entry #83 at 2). Moreover, if the Debtor misunderstood the January 24 order, he could have, as he did at other times throughout this proceeding, request that the Court clarify the order. (*See*, docket entries #185, 174, and 69).

7

Case: 05-04487    Doc# 198    Filed: 03/24/08    Entered: 03/24/08 15:39:46    Page 7 of 16

Rule 4004(a). Similarly, the Debtor did not pled Rule 4004(a) as an affirmative defense in his answers to the *Second*, *Third* or *Fourth Amended Complaint*.[9] Nevertheless, the Debtor asserts here that because the *Stipulation to File Second Amended Complaint* states that the Debtor "does not waive, and hereby reserves, the right to challenge any and all matters alleged in the Second Amended Complaint, substantively, procedurally or otherwise," (docket entry #83 at 2), the Court therefore made an error of law when finding on the post-trial motion for judgment on the pleadings that he waived Rule 4004(a) as an affirmative defense. The Debtor's assertion is contrary to established law and the facts of this case.

The *Stipulation to File Second Amended Complaint* purports not to waive challenges to matters alleged in the *Second Amended Complaint*. Upon filing the *Third Amended Complaint*, however, the *Second Amended Complaint* no longer exists. *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992), *cert. denied* 506 U.S. 915 (1992) (An amended pleading supersedes the original pleading. After an amendment, prior pleading "no longer performs any function and treated thereafter as nonexistent") (internal quotations omitted). This rule applies as much to amended answers as to amended complaints. *Armstrong v. Davis,* 275 F.3d 849, 878 n.40 (9th Cir. 2001), *cert. denied* 537 U.S. 812 (2002) (immunity defense pled in answer to original complaint, but not in amended answer, is waived). As such, going forward the *Stipulation to File Second Amended Complaint* could not and did not preserve any challenges to the *Second Amended Complaint*, or any complaint filed herein, including asserting Rule 4004(a) as an affirmative defense.

Moreover, nearly seven months later, the Debtor entered into another *Stipulation to File Fourth Amended Complaint.* This *Stipulation* does not contain an anti-waiver provision to reserve challenges to the *Fourth Amended Complaint,* the only complaint in existence here, and provides that the Debtor's

---

[9] The Debtor also did not raise Rule 4004(a) as an issue or a defense at any of the various hearings and conferences, or otherwise prior to or at the trial. (*See*, hearings and conferences held on January 24, June 20, July 2 and October 15 of 2007, and motions, objections, letters, answers, motions *in limine* and oppositions filed by the Debtor during this period, docket entries # 66, 74, 69, 84, 92, 106, 107, 108, 118, 124, 134, 136, 137, 142 and 146). *See also, Transcript of Trial*, docket entries #160-163). Additionally, although it would have been untimely, the Debtor didn't even assert Rule 4004(a) in his post-trial motion to amend his answer to the *Fourth Amended Complaint*, whereby he specifically sought to extend and introduce *other* affirmative defenses. (docket entry #157).

8

answer to the *Third Amended Complaint* (the last one the Debtor filed in this proceeding) be deemed his answer to the *Fourth Amended Complaint*. (docket entry #141 at 2). That answer, which is the only answer in existence here, (docket entry #124), asserts only three affirmative defenses - failure to state a claim upon which relief may be granted, advice of counsel, and the catch-all further defenses the Debtor "may assert ***at or prior to the trial***." As such, even if the anti-waiver provision of the *Stipulation to File Second Amended Complaint* was still effective, pursuant to the Debtor's own catch-all affirmative defense, he waived a Rule 4004(a) defense by not asserting it at or prior to the trial.[10]

Finally, that the Debtor was aware, and would have known, of the Rule 4004(a) time bar filing date to have timely asserted it as a defense, is shown by his counsel's response to the Court's question at the August 30, 2006 status conference. When asked why the Debtor had not yet determined a value of the law firm, his counsel stated that "the trustee had already begun an investigation when *this complaint was filed to protect the bar date*," and so the Debtor didn't want to duplicate what the trustee was doing. (*Recording of Aug. 30, 2006 Status Conference*, at 9:53:00 to 9:54:30). Accordingly, the Court finds that it was not an error of law to find that the Debtor waived Rule 4004(a) as a affirmative defense.[11]

*Forfeiture*

The Debtor asserts that the Court has "the obligation to relieve [the Debtor] of a forfeiture of his counsel's earlier failure to expressly assert the 4004(a) time bar defense." (*Reply*, docket entry 195 at 2). The Debtor is mistaken.

Forfeiture is the failure to make the timely assertion of a right. Forfeiture applies to the right to

---

[10] That an affirmative defense must be asserted prior to trial comports with the purpose of Rule 8(c): to provide an opposing party with notice of an affirmative defense so that party may be prepared to properly litigate it at trial, rather than being confronted with such a defense after trial as here. *See, supra, Blonder-Tongue Laboratories*, 402 U.S. at 350; *Hassan*, 842 F.2d at 263; *In re Fryer,* 172 B.R. at 1022.

[11] The Debtor's assertion that he raised or didn't waive the Rule 4004(a) defense when opposing Phillips' motion to amend the *Second Amended Complaint* is contrary to the facts, and not well taken. (*Memo. of Points and Authorities,* attached to *Motion* at 9). The Debtor's opposition to amending the *Second Amended Complaint* did not assert Rule 4004(a) or relation back under Rule 15(c). Instead, it merely asserted that it was "too late" for Phillips to add the four claims because discovery had closed and Phillips "could have and should have" included such claims in the *Second Amended Complaint*. (docket entry #118 at 5-6).

9

assert Rule 4004(a) as an affirmative defense. *Kontrick*, 540 U.S. at 458 n.13. Rule 4004(a) does not confer jurisdiction on the bankruptcy court. Rather, it is a claims processing rule and as such can "be forfeited if the party asserting the rule waits too long to raise the point." 540 U.S. at 454, 456. Federal Rules of Civil Procedure 12(h)(2) and (h)(3), applicable here pursuant to Federal Rule of Bankruptcy Procedure 7012(b), "prolong the life of certain defenses," but time bars, such as Rule 4004(a), "are not among those provisions." *Id.* at 459.[12]

Here, pursuant to a post-trial motion for judgment on the pleadings, the Debtor requested for the first time in this litigation to "augment his failure to state a claim" affirmative defense to add a Rule 4004(a) time bar defense. (docket entry #165 at 4). But by that time it was too late. "Even if a defense based on Bankruptcy Rule 4004 could be equated to failure to state a claim upon which relief can be granted, the issue could be raised, *at the latest, at the trial on the merits." Kontrick*, 540 U.S. at 459 (internal quotation marks omitted, italics added). The Debtor had ample opportunities throughout this proceeding to timely raise a Rule 4004(a) defense, but did not do so. Accordingly, the Court finds that it was not an error of law to find that the Debtor had forfeited Rule 4004(a) as a defense when he initially raised it in the post-trial motion for judgment on the pleadings.[13]

*Recusal*

Pursuant to 28 U.S.C. §455, a judge in a bankruptcy proceeding is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice against a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *See*, §455(a) and (b)(1). *Seidel v. Durkin (In re Goodwin)*, 194 B.R. 214, 222-223 (9th Cir. BAP 1996) (§455 applies to

---

[12] As to such defenses, "[o]nly lack of subject-matter jurisdiction is preserved post-trial." *Kontrick*, 540 U.S. at 459, *citing* Fed. R. Civ. P. 12(h)(3).

[13] The Debtor's assertion that he did not forfeit the Rule 4004(a) defense because he had until the Court entered an order adjudicating this adversary proceeding on the merits to assert it, wholly misreads *Kontrick*. (*Memo. of Points and Authorities,* attached to *Motion* at 11). *Kontrick* unambiguously holds that "a defense based on Bankruptcy Rule 4004 ... could be raised ***at the latest***, at the trial on the merits." 540 U.S. at 459 (italics added). Because the litigant in *Kontrick* didn't assert a Rule 4004(a) defense until after his case was adjudicated on the merits, the Supreme Court necessarily stated the obvious that "no reasonable construction" of the holding in *Kontrick* would allow a party "to defeat a claim, as filed too late, after the party has litigated and lost the case on the merits." *Id*. at 459-460. The Debtor misreads the facts of *Kontrick* to be the holding of that case.

10

recusal of bankruptcy judge).[14]

The standard for recusal under § 455 is an objective one, "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988)*; O'Connor v. State of Nevada*, 27 F.3d 357, 363-364 (9th Cir. 1994), *cert. denied* 514 U.S. 1021 (1995); *Hale v. U.S. Trustee (In re Basham)*, 208 B.R. 926, 933 (9th Cir. BAP 1997), *aff'd* 152 F.3d 924 (9th Cir. 1998). The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person. This objective standard, however, must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice. *United States v. Holland*, – F.3d – 2008 WL 696903 at *3, 4 (9th Cir. Mar. 17, 2008) (internal quotation marks and citations omitted). All evaluations of bias or prejudice under section 455 are made using an objective standard. *Liteky v. United States*, 510 U.S. 540, 548 (1994).

In addition to this objective standard, a judge must also be subjectively confident of his ability to be evenhanded. This is a test for actual bias. *Bernard v. Coyne (In re Bernard)*, 31 F.3d 842, 844 (9th Cir.1994); *United States v. Holland*, at *5. "This test is highly personal in nature and requires each judge in such situation to set aside emotion and thoughtfully examine his ability to impartially administer justice without respect to persons." *United States v. Holland*, at *5. On a motion to recuse under §455, the court is not required to take the factual allegations as true. *In re Goodwin*, 194 B.R. at 222-223.

---

[14] The *Motion* asserts recusal pursuant to only §455(a). (*Motion*, at ii, 1, 12). Because, however, portions of the *Motion* appear to touch upon aspects of §455(b)(1), and as §455(b)(1) was addressed at the February 13, 2008 hearing on the *Motion*, the Court considers §455(b)(1) here. 28 U.S.C. §455, provides, in relevant part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

11

"Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555, (*citing United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Judicial remarks made during the course of a proceeding that are critical, disapproving, or hostile to counsel, a party or their case, ordinarily do not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion. When no extrajudicial source is involved, such judicial remarks "only in the rarest circumstances evidence a degree of favoritism or antagonism required" to make fair judgment impossible. *Liteky,* 510 U.S. at 555. Expressions by a judge "of impatience, dissatisfaction, annoyance and even anger" do *not* establish bias or partiality. *Id*. at 555-556 (italics in original).

The Debtor asserts that "the Court's conduct throughout this case," and the tone of the *Findings of Fact, Opinion and Conclusions of Law* wherein this Court found against the Debtor on the merits, show that the Court has such an unfavorable opinion of the Debtor and his counsel that it will be impossible for the Court to preside fairly over a new trial of this proceeding.[15] The Debtor asserts that the opinion is biased or prejudicial to him, and was formed based upon alleged "extra-judicial fact finding after the close of evidence." Further, the Debtor asserts that absent such extra-judicial fact finding, the judicial remarks made during the course of the trial alone reveal a degree of favoritism or antagonism as to make fair judgment impossible. (*Memo. of Points and Authorities,* attached to *Motion* at 3, 12-13). The Debtor asserts two instances of alleged extra-judicial fact finding, comprised of the submission of partnership registration documents, and access to the Debtor's law firm website. *Id*. at 8 n.5, and 13)

During closing argument at trial, the Debtor's counsel asserted that pursuant to California law "if you are acting as partners, you are deemed to be equal partners, unless otherwise specified, from an ownership standpoint." When the Court asked whether such California law applied to both a general

---

[15] The Debtor posits 11 instances of the Court's alleged conduct, comprised mostly of the Debtor's disagreement with the Court's adjudication of motions (to amend complaints, for judgment on the pleadings, reconsideration) and issues (such as waiver) which the Court has already addressed herein. Other of the alleged conduct, such as that the Court didn't "provide any explanation" for denying the Debtor's post-trial motion to amend his answer "to assert the bar-date defense," don't comport with the facts of this case. The Debtor's post-trial motion to amend his answer didn't seek to assert the bar-date defense (only advice of counsel and laches, *see,* footnotes 4, 9, and page 4, lines 1-10, *supra*). As to that motion, the Court not only issued a written order adjudicating it, but after the Debtor requested it also issued an order clarifying that earlier order. (*See*, docket entries #157, 181, 185 and 186).

12

partnership and a limited liability partnership (herein "LLP"), and if as a partner the Debtor's personal liability for an obligation of his present law firm would be different if his firm were a general partnership or an LLP, Debtor's counsel suggested addressing such issues in a post-trial brief, which the Court allowed. (*Trial Transcript*, docket entries 160-163, at 776-778).

An analysis of such California law would be of little use, however, without showing the partnership status of the Debtor's law firm, which upon conclusion of the trial was not clear.[16] As such, the Court issued a post-trial order for the Debtor to provide, in conjunction with his post-trial brief, certified or authenticated copies of documents required to be filed with the California Secretary of State, and the State Bar of California, showing the partnership registration of the Debtor's law firm. That order further provided, subject to the objection of a party, that such documents would be admitted in this adversary proceeding as a court exhibit. (*Order for Post-Trial Briefing Documents*, docket entry #150); *see, Keith v. Volpe*, 858 F.2d 467, 478-479 (9th Cir. 1988), *cert. denied*, 493 U.S. 813 (1989); *Students of California School for the Blind v. Honig*, 736 F.2d 538, 548-549 (9th Cir. 1984), *vacated on other grounds*, 471 U.S. 148 (1985) (admission of evidence pursuant to post-trial court order within discretion of the trial court, taking into account importance of such evidence in preventing injustice, reasonable availability and delay in providing same). The Debtor provided such documents, and objected to their being admitted, asserting lack of relevance and probative value. The Court overruled the objection. The documents showed registration of the Debtor's law firm as an LLP (herein the "Registration Documents"). (docket entries #153, 154 and 178).

Here, even if the Registration Documents did constitute an extra-judicial source, the Debtor completely fails to show how the documents support an allegation that this Court formed an opinion that is biased or prejudiced toward the Debtor, or that might reasonably form a basis for questioning my impartiality.

The Debtor next asserts that once in October, November and December of 2007, "someone from the host server lsm9n.gtwy.uscourts.gov browsed the [Debtor's law firm] website." The IP address of

---

[16] *See, Findings of Fact, Opinion and Conclusions of Law*, at ¶¶1-2, (docket entry #187).

that visitor is 208.27.203.128, which "appears to be an IP address owned and controlled by the Administrative Office of the U.S. Courts." The visitor was using a Firefox 2.0.0 browser. One of the visits to the website lasted 1 minute and 49 seconds, another 39 seconds, and the other 19 seconds. The Debtor did not identify "the specific computer that was used" to access the website, but alleges that the visits apparently show extra-judicial fact gathering "by the Court or its staff." (*Motion*, at 8, n.5 and *Declaration of Debtor*, attached thereto at 2-3). At the February 13, 2008 hearing on the instant *Motion*, however, the Debtor's counsel backtracked from this allegation, stating "we did not allege the Court was doing it [visiting the website]. We asked the question. .... We raised the question. That was it." *(Transcript of Feb. 13, 2008 Hearing*, docket entry #197 at 9-10).

Nevertheless, at the February 13 hearing, with the visits to the website having been made using a Firefox browser, and that browser only recently installed at the Court, I doubted that I or anyone on my staff visited the website as the Debtor alleges. Assuming I did visit the website, however, I asked the Debtor's counsel what it is I would have seen on it that would be relevant to the complaint or the issues at the trial, or pursuant to §455(b)(1), what I would have seen on the website that would generate a personal bias or prejudice against the Debtor, or provided knowledge of disputed evidentiary facts in this adversary proceeding. In sum, the Debtor's counsel termed the question speculative, and asserted "I do not know what you would have seen" on the website but that if the Court did look at the website during this period "it did so for a reason that has some relationship to the tone, to the substance of the Court's findings," in this proceeding. (*Id*. at 7-10). Thereafter, the Court asked "other than what I learned as a result of hearing and reviewing the evidence presented at trial, do you have any other factual basis for your assertion that my impartiality might reasonably be questioned under 28 U.S.C. Section 455(a)?" Debtor's counsel responded: "the commentary in your [the Court's] opinion, . . . the manner in which the Court presided over this [proceeding] ... and the tone of the Court's questioning, the tone of the Court's commentary to [the Debtor's] counsel." (*Id*. at 10-12).

As to the website visits, the Debtor's allegations are comprised of speculation and innuendo, are wholly unsupported, and insufficient to warrant recusal. *See*, *United States v. Holland*, at *3, n.5 (rumor, speculation, beliefs and similar non-factual matters not grounds for recusal); *In re Jones,* 2002

14

WL 818275 (Bankr. D. Idaho 2002), *aff'd Hale v. U.S. Trustee*, 2006 WL 694639 (D. Idaho 2006), *aff'd* 509 F.3d 1139 (9th Cir. 2007); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987) (judge should not recuse on unsupported, irrational, or highly tenuous speculation).[17]

In accordance with the forgoing, as to the post-trial submission of the Registration Documents and the alleged website visits, whether considered separately or together, the Court finds that a reasonable person with knowledge of all the facts would not conclude that my impartiality might reasonably be questioned, that I have a personal bias or prejudice against the Debtor, or that I have personal knowledge of any disputed evidentiary fact. Additionally, absent any extra-judicial source, the Court finds that a reasonable person with knowledge of all the facts would conclude that the judicial rulings, expressions and remarks throughout this proceeding do not show a degree antagonism, bias or prejudice against the Debtor or his counsel, so as to make a fair judgment impossible. *Liteky,* 510 U.S. at 555-556. Finally, upon review and consideration of the pleadings filed herein and the record in this proceeding, I am confident of my ability to be evenhanded in any new trial of this proceeding. *In re Bernard*, 31 F.3d at 844; *United States v. Holland*, at *5.

## CONCLUSION

In accordance with the forgoing, the *Motion* is hereby denied.

**IT IS SO ORDERED.**

**END OF ORDER**

---

[17] In the only case found on point, a judge viewing the website of a litigant appearing before her was not found to comprise grounds for recusal. *See, Te-Ta-Ma Truth Foundation-Family of URI, Inc. v. The World Church of the Creator*, 246 F. Supp. 2d 980, 983, 989 (N.D. Ill. 2003) (judge viewing anti-semitic and racial attacks against her and her family members posted on website of litigant who also communicated death threat against judge not ground for recusal pursuant to §455).

15

**COURT SERVICE LIST**

Gregory L. Spallas
Phillips, Spallas and Angstadt
650 California St. 10th Fl.
San Francisco, CA 94108

Joel K. Belway
Law Offices of Joel K. Belway
235 Montgomery St. #668
San Francisco, CA 94104

Michael A. Papuc
Law Offices of Michael A. Papuc
807 Montgomery St.
San Francisco, CA 94133

Robert K. Phillips
Phillips, Spallas and Angstad, LLP
650 California St. 10th Fl.
San Francisco, CA 94108

Todd Angstadt
Phillips, Spallas and Angstadt
650 California St. 10th Fl.
San Francisco, CA 94108

Matthew J. Shier
Andrew A. August
Pinnacle Law Group
425 California St. #1800
San Francisco, CA 94104

Jeremy W. Katz
Pinnacle Law Group
425 California St. #1800
San Francisco, CA 94104